A. PAUL LOMMEN v. SARA M. LYSFJORD, EXECUTRIX OF ESTATE OF JOHN NOBLE LYSFJORD.

142 N. W. (2d) 623.

April 15, 1966—No. 39,780.

*W. L. Sholes,* for appellant.

*Helgesen, Peterson, Engberg & Spector* and *Floyd B. Olson,* for respondent.

SHERAN, JUSTICE.

The appeal is from an order of the district court which in effect denies defendant's motion for judgment notwithstanding the verdict or a new trial.

Plaintiff commenced action for attorney's fees which resulted in a verdict in his favor fixing the value of his services at $3,500. John Noble Lysfjord, named originally as defendant, died while the action was pending, and Sara M. Lysfjord, his widow and executrix of his estate, was substituted as a party. The verdict was reduced to $2,500 by the trial court, plaintiff assenting.

The only issue raised by the appeal is whether the final argument of plaintiff's counsel was so disparaging of defendant's attorney as to make a new trial necessary.

On the record before us, the right of plaintiff to compensation in some amount for legal services rendered appears as a matter of law. He instituted an action on behalf of John Noble Lysfjord to effect specific performance of an agreement made by his stepmother, while living, to make him sole devisee of an estate having a value of approximately $20,000. As one of four heirs at law of his stepmother, Mr. Lysfjord would have succeeded to one-fourth of these assets had no action been taken. One of the three remaining heirs at law interposed no answer in the specific

performance action, but the claim was contested by the other two. Ultimately, a settlement was reached whereby the two contending heirs at law withdrew their opposition to the position asserted in behalf of Mr. Lysfjord upon receipt of $750 each, and a decree in favor of John Noble Lysfjord was entered. In addition to acting as Mr. Lysfjord's attorney in these proceedings, plaintiff represented Mr. Lysfjord in his capacity as representative of the estate of his deceased stepmother, being prevented from following this assignment to completion when his services were terminated by a letter dated November 7, 1962, apparently written upon advice of the attorney who has represented defendant in the present action. Mr. Sholes succeeded plaintiff as attorney for the representative of the estate and has been fully paid for his services although plaintiff has thus far received nothing for the work done by him.

Competent testimony was introduced to establish that the reasonable worth and value of plaintiff's services in these matters was in an amount exceeding the verdict originally returned. There was no opinion testimony to the contrary, although evidence was offered to show that Mr. Lommen had originally agreed to perform the work for $2,500. In addition, evidence was offered (which was received, but later stricken as irrelevant) in an attempt to show that facts existed which would have made the establishment of a contract to adopt, like that described in the case of In re Estate of Firle, 197 Minn. 1, 265 N. W. 818, a procedure preferable to the action for specific performance of an oral agreement to make a will which plaintiff had advised and carried to a successful conclusion. The ruling of the trial court striking this evidence was clearly correct. The trial judge's determination in this regard is binding on us in any event, there being no proper claim of error with respect to it.

No good will be served by detailing the vituperation exchanged by the attorneys during final arguments to the jury. Defendant's counsel made inexcusably abusive comments with respect to plaintiff that were not germane to the issues of the case which should have been censured forthwith by the trial judge. The response of plaintiff's attorney was repeated and improper disparagement of counsel for the defense.

We do not think that interests of justice will be served by directing a

new trial. *Seven days of court time have now been devoted to the problem.* By remittitur, plaintiff has already been penalized by a loss of almost one-third of his verdict. Apparently the only ground upon which payment in some reasonable amount was refused over a period of 4 years was the untenable notion that a lawyer should work for nothing because another attorney employed to succeed him disagrees with the procedures followed by his predecessor.

A jury has decided that plaintiff's services were worth $3,500. We do not think that this decision was influenced by the remarks made in the closing arguments. Where claims for attorney's fees are involved, jurors are not likely to be moved by mere rhetoric to a passion favoring the lawyer or to a prejudice penalizing the deceased client and his widowed executrix. Reduction of the verdict ordered by the trial court was more than adequate to correct any possible effect of the faulty forensics. Without condoning the improprieties, we are satisfied that the order appealed from should be affirmed. Relevant cases include Boland v. Morrill, 270 Minn. 86, 132 N. W. (2d) 711; Bush v. Havir, 253 Minn. 318, 91 N. W. (2d) 784; and Kugling v. Williamson, 231 Minn. 135, 42 N. W. (2d) 534.

Affirmed.